FRANCINE V. WHITT (TOWNS), Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitt v. Commissioner
Docket No. 7663-78.
United States Tax Court
T.C. Memo 1979-437; 1979 Tax Ct. Memo LEXIS 88; 39 T.C.M. (CCH) 413; T.C.M. (RIA) 79437; October 30, 1979, Filed *88 Held, petitioner's receipt of payments pursuant to a divorce decree were periodic payments within section 71(a) and therefore must be included in her gross income. Held further, petitioner is liable for sec 6653(a) addition to tax for intentional disregard of rules and regulations. Charles A. Kubinski, for the petitioner. Thomas J. O'Rourke, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In his notice of deficiency dated January 2, 1978 respondent determined deficiencies in petitioner's income taxes, together with additions to tax, for the following taxable years and in the following amounts: Taxable Year
Sec. 6653(a) Ended
Deficiency
Negligence Penalty
12/31/74
$2,256.09
$112.80
12/31/75
2,946.88
147.37
*89 After concessions the only issues before this Court are (1) whether any part of the amounts received by petitioner pursuant to a separation agreement and divorce decree is child support excludable from income under section 71(b), I.R.C. 1954, and (2) whether petitioner is liable for the section 6653(a) negligence addition to tax for either or both of the taxable years before us. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and exhibits attached thereto, are incorporated herein by this reference. Petitioner Francine V. Whitt (Towns) timely filed her Federal income tax return for her taxable year ended December 31, 1974 with the District Director's office in Philadelphia, Pennsylvania. Petitioner timely filed her 1975 return with the District Director's office in Baltimore, Maryland. Petitioner's residence at the time she filed the petition herein was Chevy Chase, Maryland. Petitioner was married to Leon W. Whitt on November 5, 1956. Two children were born of this marriage. Mr. Whitt and petitioner entered into a separation agreement dated November 27, 1972. Pursuant to Part III of the agreement, titled The Provision *90 for Alimony and Property Settlement, Mr. Whitt agreed to make certain monthly payments to petitioner. Mr. and Mrs. Whitt were divorced on August 16, 1973 pursuant to a decree of divorce entered in the Circuit Court for Montgomery County, Maryland. The separation agreement was incorporated into the divorce decree. The provisions of the separation agreement have not been modified and were in effect at all times during 1974 and 1975. During 1974 petitioner received, pursuant to the separation agreement, payments in the amount of $16,120 from Mr. Whitt. She reported $7,440 of this amount as alimony and the remaining $8,680 as nontaxable child support. In 1975 petitioner received $14,235 pursuant to the terms of the separation agreement. She reported $4,560 of this amount as alimony and the remaining $9,675 as nontaxable child support. The petitioner claimed the two children as dependents on both her 1974 and 1975 income tax returns. The separation agreement provides in pertinent part as follows: III. The Provision for Alimony and Property Settlement
1. (a) The Husband agrees to pay to the Wife, $1,500.00 per month as alimony for the separate support and maintenance of *91 herself and the two (2) minor children. * * * 2. (a) Upon the occurrence of any of the following conditions or events, as applicable to each child, the alimony payments stated herein shall be reduced by the sum of $400.00 per month as the conditions or events apply to each child: (i) Either child reaches the age of 21 and is not a full time student attending college; if either child is a full time student, this reduction provision shall not apply until the college education is completed or the child discontinues; or (ii) Either child becomes emancipated by leaving the supervision or care of the Wife or by obtaining full time employment other than during summer months while not attending school; or (iii) Either child marries; or (iv) Either child dies. 3. (a) The parties agree that if the Wife shall remarry prior to any of their two (2) children marrying, leaving the Wife's care, supervision and custody, being emancipated, or reaching the age of 21 while not a full time student in college, whichever shall occur first, the payments stipulated herein for alimony shall be reduced by $700.00 per month, and in the case of the Wife's death, all alimony payments shall cease *92 and terminate and the Husband shall have the right to the custody of the children, as provided above. Petitioner's total expenditures for support of the children in 1974 and 1975 were $12,327.38 and $15,572.20, respectively. OPINION This is another in a long line of cases involving the determination of whether a payment represents child support or alimony within the meaning of section 71. Respondent contends that the payments here involved are taxable to petitioner as "periodic payments" received by her under a decree for her support and maintenance within the meaning of section 71(a)(1). [1] Petitioner relies upon the exception for child support payments contained in section 71(b)[2] to exclude these payments from her income. *93 Section 71(b) provides that the decree or written instrument involved must "fix" an amount of money payable for child support before the tax incidents on such amount shift from the wife to the husband. Based on a through analysis of the legislative history surrounding the enactment of section 22(k), I.R.C. 1939 (progenitor of section 71, I.R.C. 1954), [3] the Supreme Court in Commissioner v. Lester,366 U.S. 299 (1961), held that Congress used the term "fix" in the statute to indicate that the amount of the payment allocable to child support must be specifically designated in the decree or written instrument. If an amount is not so specifically designated, the entire sum paid for the support of the wife and minor children is includable in the wife's gross income as alimony.
The Supreme Court stated its conclusion on this score in Commissioner v. Lester,supra at 303, as follows: ***The agreement must expressly specify of "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded *94 from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. **** [Emphasis supplied.] The agreement in the instant case sets out an amount to be paid to the petitioner. It does not separate to specifically fixed amount which is to be considered child support as opposed to alimony. While the language in paragraph 3(a) infers that the child support is supposed to be $800 of the amount received, such inference does not satisfy the "fixed" amount requirement as set out in Commissioner v. Lester,supra.Further, petitioner's control over the disposition of the amount received is identical to that in the Lester case. Congress established a hard and fast rule. The rule of the Lester case is clear. In ovr 50 cases courts have held that no inference, conclusion, deduction, supposition or implication will be drawn from a provision of the agreement to determine what portion of the payment was *95 intended to constitute child support. The language of the agreement or decree is conclusive. Unless a portion of the amount is specifically designated for child support, the entire amount will be included in the wife's income. In view of the foregoing, we conclude that the entire amount received by petitioner from her former husband during the taxable years 1974 and 1975 is includable in her gross income as periodic payments made under a divorce decree for her support pursuant to the provisions of section 71(a)(1). Petitioner has offered no evidence to rebut the section 6653(a) 5 percent addition to tax for any underpayment due to negligence or intentional disregard of the Internal Revenue laws and regulations. Since the negligence penalty was imposed in the notice of deficiency, the petitioner has the burden of showing that no part of her underpayment of income was due to negligence or intentional disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757 (1972). On her tax returns for the years in issue petitioner both excluded a large portion of the payments received from her former husband as being for the support of her children and simultaneously *96 claimed the children as dependents on her own return. Evidence presented at trial shows that petitioner's total expenditures for support of the children in 1974 was $12,327.38 and in 1975 was $15,272.20. Since the amounts excluded as child support for each year (i.e. $8,680 and $9,675 respectively) were more than one-half of the total expended for such support, petitioner was not entitled to both exclude this amount and claim her children as dependents. We find that in taking these inconsistent positions, petitioner either acted negligently or with intentional disregard of Internal Revenue laws and regulations. Decision will be entered for the respondent. Footnotes
1. SEC. 71.ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whethre or not made at regular intervals) received after such decree in discharge of (or attributable to proprty transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
2. SEC. 71(b)↩. Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children or the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.
3. The language contained in sec. 22(k)↩ of the 1939 Code has not been changed in any way material to this case.